WHISPERING OAKS RESIDENTIAL        )
CARE FACILITY, LLC, et al.,        )
                                   )
          Plaintiffs,              )
                                   )
      vs.                          )          Case No. 4:14-CV-1002 (CEJ)
                                   )
AT&T WIRELESS PCS, INC., et al.,   )
                                   )
          Defendants.              )

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' motion to remand the action to the state court from which it was removed. Defendants have filed responses in opposition and the issues are fully briefed.

### I.    Background

On August 16, 2013, plaintiffs[1] filed suit in the Twenty-First Judicial Circuit Court of Missouri (St. Louis County), seeking recovery of more than $3 million for lost business after pipes in their residential care facility froze because a heating coil was unplugged. Plaintiffs claim that defendants AT&T Wireless PCS, Inc. and Cricket Communications, Inc., had exclusive access to the water tower where the heating coil was located, pursuant to leases giving them rights to place cellular communications equipment on the tower.[2] Plaintiffs assert claims of breach of contract, trespass, fraud, negligence, and res ipsa loquitur.

---

[1]The case was filed by Whispering Oaks Residential Care Facility, LLC; Whispering Oaks RCF Management Co., Inc.; and Naren Chaganti.

[2]The leases giving rise to the relationships with defendants were executed by "Whispering Oaks Health Care Center, Inc." See "Memorandum of Lease," Compl. Ex. A [Doc. #5-1], and "Water Tank Lease with Option," Deft. Cricket Ex. A [Doc. #8-1].

On March 6, 2014, the state court dismissed the case without prejudice for failure to prosecute. On March 20, 2014, the state court granted plaintiffs' motion to set aside the dismissal. On May 29, 2014, defendant Cricket removed the action to this court, asserting diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332. Defendant Cricket alleges that "on information and belief" plaintiffs are citizens of Missouri; defendant Cricket is incorporated in Delaware and has its principal place of business in California. In the event that defendant AT&T Wireless PCS, Inc., is the proper defendant, it is incorporated and has its principal place of business in Delaware. With respect to defendant New Cingular, its sole member is AT&T Mobility II LLC whose members are incorporated in Delaware and Georgia, with their principal places of business in Georgia and Texas. Plaintiffs move for remand, arguing that removal was untimely, that compete diversity of citizenship is lacking, and that Cricket failed to obtain New Cingular's consent to removal.

## II.    Discussion

"A defendant may remove a state law claim to federal court only if the action originally could have been filed there." In re Prempro Products Liability Litigation, 591 F.3d 613, 619 (8th Cir. 2010) (citing Phipps v. FDIC, 417 F.3d 1006, 1010 (8th Cir. 2005)). The removing defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence. Altimore v. Mount Mercy College, 420 F.3d 763, 768 (8th Cir. 2005). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." In re Prempro Products Liability Litigation, 591 F.3d at 620 (citing Wilkinson v. Shackelford, 478 F.3d 957, 963 (8th Cir. 2007)). A case must be remanded if, at anytime, it appears that the district court lacks subject-matter jurisdiction. 28 U.S.C. § 1447(c); Fed. R. Civ. P. 12(h)(3).

Removal in this case was premised on diversity jurisdiction, pursuant to 28 U.S.C. § 1332, which requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants. 28 U.S.C. § 1332(a). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007).

### A.    Timeliness of Removal

Pursuant to 28 U.S.C. § 1446,

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

§ 1446(b). "A named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48 (1999) (emphasis added). Plaintiffs served New Cingular (under the name "AT&T Wireless PCS Inc.") on April 14, 2014, and Cricket Communications on April 29, 2014. [Doc. #1-4 at 17-18] Cricket Communications filed its notice of removal on May 29, 2014, within thirty days of receiving the summons on April 29, 2014, and the removal therefore was timely under § 1446(b).

Plaintiffs assert that AT&T, Inc., is the ultimate corporate parent of both New Cingular Wireless PCS and Cricket Communications and argue that, when they served New Cingular Wireless PCS Inc. (as AT&T Wireless PCS Inc.) on April 14, 2014, they

effectively served Cricket, thereby triggering the 30-day removal period. Plaintiffs cite no law to support the proposition that service on one subsidiary constitutes effective service against another subsidiary, and their argument is rejected.

### B.   Diversity of Citizenship

Plaintiffs assert that New Cingular is a citizen of Missouri and that diversity of citizenship is therefore lacking. Plaintiffs base this argument on New Cingular's admission in its answer that it "is a corporation operating under the laws of the State of Missouri." Plaintiffs' argument is unavailing. The Disclosure of Corporate Interests Declaration establishes that New Cingular is not a citizen of Missouri. [Doc. #14].

### C.   Unanimity of Consent

Plaintiffs next argue that removal was improper because Cricket did not obtain the consent of New Cingular as required by 28 U.S.C. § 1446(b)(2)(A) ("all defendants who have been properly joined and served must join in or consent to the removal of the action.") New Cingular's consent is attached as Exhibit A to the notice of removal. [Doc. #1- 1]. Plaintiffs' argument that New Cingular's consent is invalid because it was electronically filed by counsel for Cricket is without merit.

Although the Court concludes that plaintiffs have not supported their request for remand, there remains an issue of jurisdiction that must be resolved. In its notice of removal, defendant Cricket failed to state the citizenship of each member of Whispering Oaks Residential Care Facility, LLC. See GMAC Comm. Credit, LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 829 (8th Cir. 2004) (court must examine citizenship of each member of LLC to determine diversity). Thus, the notice of removal does not allege sufficient facts to establish subject-matter jurisdiction. In lieu of summary remand, the Court will order Cricket to file an amended notice of removal

-4-

setting forth the facts supporting its claim of federal jurisdiction. If the information in the amended notice is insufficient to establish jurisdiction or if no amended notice is filed, the Court will remand this action to the state court.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to remand [Doc. #15] is **denied**.

**IT IS FURTHER ORDERED** that defendant Cricket Communications, Inc., shall have until **July 15, 2014**, to file an amended notice of removal alleging facts establishing subject-matter jurisdiction.

CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 7th day of July, 2014.