UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WHISPERING OAKS RESIDENTIAL CARE FACILITY, LLC, et al., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | ) Case No. 4:14-CV-1002 (CEJ)<br>) |
| AT&T WIRELESS PCS, INC., et al., | )<br>) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the court on plaintiffs' renewed motion to remand the action to the state court from which it was removed. Defendant Cricket Communications, Inc., has filed a response in opposition.

I. **Background**[1]

Plaintiffs filed this action in the Twenty-First Judicial Circuit Court of Missouri (St. Louis County) seeking recovery of more than $3 million for lost business after pipes in their residential care facility froze because a heating coil was unplugged. Plaintiffs allege that defendants AT&T Wireless PCS, Inc., and Cricket Communications, Inc., had exclusive access to the area in which the heating coil was located. Defendant Cricket removed the action on May 29, 2014, claiming diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332. According to the removal petition, plaintiffs are citizens of Missouri and the defendants are citizens of Delaware, California, Georgia, and Texas. Plaintiffs moved to remand, arguing in relevant part that complete diversity of citizenship was lacking because one of the corporate defendants is a citizen of Missouri.

---

[1]Additional background information can be found in the Memorandum and Order denying plaintiffs' first motion to remand. [Doc. #26].

The Court found that the factual basis for plaintiffs' argument was incorrect and denied the morion to remand.

Plaintiffs have now filed a renewed motion to remand, arguing for the first time that plaintiff Naren Chaganti is a citizen of California as is defendant Cricket. Defendant Cricket opposes the motion, asserting that the evidence establishes that plaintiff Chaganti is domiciled in Missouri.

## II. Discussion

"A defendant may remove a state law claim to federal court only if the action originally could have been filed there." In re Prempro Products Liability Litigation, 591 F.3d 613, 619 (8th Cir. 2010) (citing Phipps v. FDIC, 417 F.3d 1006, 1010 (8th Cir. 2005)). The removing defendant bears the burden of establishing federal jurisdiction by a preponderance of the evidence. Altimore v. Mount Mercy College, 420 F.3d 763, 768 (8th Cir. 2005). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." In re Prempro Products Liability Litigation, 591 F.3d at 620 (citing Wilkinson v. Shackelford, 478 F.3d 957, 963 (8th Cir. 2007)). A case must be remanded if, at anytime, it appears that the district court lacks subject-matter jurisdiction. 28 U.S.C. § 1447(c); Fed. R. Civ. P. 12(h)(3).

Removal in this case was premised on diversity jurisdiction, pursuant to 28 U.S.C. § 1332, which requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants. 28 U.S.C. § 1332(a). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007). The district court's "determination of citizenship for the purpose of diversity is a mixed question of law and fact, but mainly fact." Altimore,

420 F.3d at 768 (citation omitted). The existence of diversity of citizenship is determined at the time the suit is instituted, and not when the cause of action arose. Smith v. Snerling, 354 U.S. 91, 93 n. 1 (1957).

For purposes of diversity jurisdiction, the terms "domicile" and "citizenship" are synonymous. To establish domicile, an individual must both be physically present in the state and have the intent to make his home there indefinitely. Yeldell v. Tutt, 913 F.2d 533, 537 (8th Cir. 1990) (citations omitted). Intention to remain there permanently, however, is not necessary. Id. Once an individual has established his domicile, he remains domiciled there until he legally acquires a new domicile. Id.

In the motion to remand, plaintiffs state that "Naren Chaganti entered and resided in California in March 2000 with the intent to make it his home. That intent has not changed. He still holds a bar license in California and conducts business there." Doc. #28 at p.1. The plaintiffs' statement, however, is not verified and is not supported by any documentation. Conversely, defendant Cricket has submitted documents showing that plaintiff Chaganti actually is domiciled in Missouri: He maintains a law office in Town and Country, Missouri. He listed the same Town and Country address on the websites for the California and Missouri bar associations, the articles of organization for two different companies formed in 2008, and on the 2009 tax returns for Whispering Oaks RCF Management Co., Inc. In addition, he has been a plaintiff in 34 lawsuits in Missouri state courts since 2006. Doc. #29-1 through 6. Thus, defendant has met its burden to establish by a preponderance of the evidence that complete diversity of citizenship exists.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' renewed motion to remand [Doc. #28] is **denied**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of October, 2014.