UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WHISPERING OAKS RESIDENTIAL CARE FACILITY, LLC, et al., ) ) ) Plaintiffs, ) ) vs. ) ) AT&T WIRELESS PCS, INC., et al., ) ) Defendants. ) | Case No. 4:14-CV-1002 (CEJ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motions of defendant Cricket Communications, Inc., to dismiss all claims of plaintiff Naren Chaganti for lack of standing, pursuant to Fed.R.Civ.P. 12(b)(1); to dismiss Counts IV through VII of plaintiffs' complaint pursuant to Fed.R.Civ.P. 12(b)(1) and 12(b)(6); and to dismiss plaintiffs' prayer for punitive damages pursuant to Fed.R.Civ.P 12(b)(6) and 12(f). Plaintiffs have filed a response in opposition to the motions and the issues are fully briefed.

Plaintiffs Whispering Oaks Residential Care Facility, LLC; Whispering Oaks RCF Management Co., Inc.; and Naren Chaganti allege that they suffered damages in excess of $3 million after pipes in their residential care facility froze because a heating coil was unplugged. They claim that defendants AT&T Wireless PCS, Inc. (AT&T), and Cricket Communications, Inc. (Cricket), had exclusive access to the water tower where the heating coil was located, pursuant to leases giving them rights to place cellular communications equipment on the tower. Relevant to the instant motions, plaintiffs assert claims against Cricket for breach of a contract to provide insurance (Count IV);

breach of a lease agreement (Count V); fraud (Count VI); and *res ipsa loquitur* (Count VII).[1]

I. **Background**

On April 24, 2008, Whispering Oaks Health Care Center, Inc. (WOHCC) entered into a "Water Tank Lease with Option," giving defendant Cricket an option to place communications equipment on a water tank located at 1450 Ridge Road, in Wildwood, Missouri. [Doc. #10-1]. AT&T entered into a similar lease effective July 23, 1997. [Doc. #5-1].[2] WOHCC is not a party to this lawsuit.

In the complaint, plaintiffs allege that:

> 2. On or about July 23, 1997, AT&T . . . leased space over a water tower located on the property at 1450 Ridge Rd, Wildwood, MO 63021, **which property is currently owned by Whispering Oaks**. [Compl. at ¶ 2 (emphasis added)]
>
> \* \* \* \* \*
>
> 13. On August 28, 2008, Naren Chaganti incorporated Whispering Oaks Residential Care Facility, LLC, [and] Whispering Oaks RCF Management Co Inc. [collectively "Whispering Oaks"] and acquired property at 1450 Ridge Road, Wildwood, Mo. . . . in the name of Whispering Oaks Residential Care Facility, LLC as lessor and Whispering Oaks RCF Management Co Inc as lessee. [Compl. at ¶ 13]

Plaintiffs further allege that sometime in 2009 an employee of either AT&T or Cricket unplugged a heating coil that protected the water pipes on the property from freezing. Compl. ¶¶ 15, 46. On January 10, 2010, the pipes froze and plaintiffs' business was shut down, causing plaintiffs to lose over $3,000,000 in business and lost profits. Compl. ¶ 16. On January 24, 2012, defendant Cricket sent a letter addressed to

---

[1] Plaintiffs also assert a negligence claim that is incorrectly denominated as "Count VII." Cricket's motion to dismiss is not directed to the negligence claim.

[2] A copy of the AT&T lease agreement is attached to plaintiffs' complaint and a copy of the Cricket lease agreement is attached to the motion to dismiss.

Whispering Oaks Residential Care Facility LLC as "Landlord," stating that it was terminating the lease. [Doc. #16-1].

## II. Legal Standards

"In order to properly dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the complaint must be successfully challenged on its face or on the factual truthfulness of its averments." Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993). When a factual challenge is mounted, the court has authority to consider matters outside the pleadings. Osborn v. United States, 918 F.2d 724, 728 n.4 (8th Cir. 1990). On factual challenges to subject matter jurisdiction, plaintiffs are not given the protections of Rule 12(b)(6). "In short, no presumptive truthfulness attaches to the plaintiff's allegations." Id. at 730 (citation omitted). When a district court engages in a factual review, it inquires into and resolves factual disputes. Faibisch v. Univ. of Minn., 304 F.3d 797, 801 (8th Cir. 2002). Considering evidence beyond the complaint does not convert a Rule 12(b)(1) motion to a Rule 56 motion for summary judgment. Osborn, 918 F.3d at 730.

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002)); Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and

unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Id. A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp., 550 U.S. at 570. See also id. at 563 ("no set of facts" language in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), "has earned its retirement.") "Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 555.

### III. Discussion

#### A. Standing

Defendant Cricket asserts both facial and factual challenges under Rule 12(b)(1) the plaintiffs' standing to bring claims arising from the 2008 lease. If a plaintiff lacks standing to sue, the district court has no subject-matter jurisdiction. ABF Freight Sys., Inc. v. Int'l Bhd. of Teamsters, 645 F.3d 954, 958 (8th Cir. 2011) (citing Faibisch v. Univ. of Minn., 304 F.3d 797, 801 (8th Cir. 2002)). The "threshold requirement" imposed by Article III is that those who seek to invoke the power of federal courts must allege an actual case or controversy. Amburgy v. Express Scripts, Inc., 671 F. Supp. 2d 1046, 1049 (E.D. Mo. 2009) (quoting O'Shea v. Littleton, 414 U.S. 488, 494 (1974)).

To show Article III standing, a plaintiff has the burden of proving: (1) that he suffered an "injury-in-fact," (2) that a causal relationship exists between the injury and the challenged conduct, and (3) that the injury likely will be redressed by a favorable decision. Dutch Jackson IATG, LLC v. Basketball Mktg. Co., 846 F. Supp. 2d 1044, 1050 (E.D. Mo. 2012) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992)). "Injury in fact" requires the invasion of a "legally cognizable right." Id.

(citing Braden v. Wal–Mart Stores, Inc., 588 F.3d 585 (8th Cir. 2009)). "In the ordinary course, a litigant must assert his or her own legal rights and interests, and cannot rest a claim to relief on the legal rights or interests of third parties." Id. at 1050-51 (quoting Powers v. Ohio, 499 U.S. 400, 410 (1991)). Third-party standing exists where: (1) plaintiff suffered an "injury in fact," thus giving him or her a "sufficiently concrete interest" in the outcome of the issue in dispute, (2) plaintiff has a close relationship to the third party, and (3) there exists some hindrance to the third party's ability to protect his or her own interests. Id. (citations omitted).

### 1. Plaintiff Chaganti

The only allegations in the complaint relevant to Chaganti's interest in this dispute appear in paragraph 13:

> On August 28, 2008, Naren Chaganti incorporated [plaintiffs] Whispering Oaks Residential Care Facility, LLC [and] Whispering Oaks RFC Management Co[.] Inc., . . . and acquired property at 1450 Ridge Road Wildwood, MO 63021 (Lot 1), and 1447 Charic Drive, Wildwood, Mo 63021 (Lot 3) in the name of Whispering Oaks Residential Care Facility, LLC as lessor and Whispering Oaks RFC Management Co[.] inc. as lessee.

Defendant Cricket argues that plaintiff Chaganti cannot establish third-party standing based solely on his role as the incorporator of the Whispering Oaks entities; indeed, as defendant notes, they assert claims in their own names and thus Chaganti cannot establish that there is a hindrance to their ability to protect their own interests. In response, Chaganti asserts that he has standing through a two-step assignment process by which the Cricket lease was assigned to Whispering Oaks Residential Care Facility, LLC, at the time the property was purchased, and then reassigned to Chaganti. There are no allegations in the complaint referring to an assignment nor do plaintiffs submit any documents evidencing an assignment. Thus, Chaganti has failed to establish that he has standing in this dispute.

### 2.  Whispering Oaks Plaintiffs

Cricket argues that the Whispering Oaks plaintiffs have failed to establish that they have standing to bring the breach of contract claims asserted in Counts IV and V of the complaint.  Defendant Cricket argues that these plaintiffs have failed to plead any facts or submit any evidence to establish that they are indeed successors and thus cannot establish that they have standing to proceed on the lease agreement.

In a diversity case, a federal court may not address a party's claims unless the party establishes standing to sue under both Article III of the United States Constitution and the relevant state law.  Nationwide Mut. Ins. Co. v. Harris Med. Associates, LLC, 4:13-CV-7 CAS, 2013 WL 5532691, at *4 (E.D. Mo. Oct. 7, 2013) (citing Wolfe v. Gilmour Mfg. Co., 143 F.3d 1122, 1126 (8th Cir. 1998)).  Under Missouri law, only the parties to a contract and any third-party beneficiaries of a contract have standing to enforce that contract.  Verni v. Cleveland Chiropractic Coll., 212 S.W.3d 150, 153 (Mo. 2007) (*en banc*) (citations omitted).  "To be bound as a third-party beneficiary, the terms of the contract must clearly express intent to benefit that party or an identifiable class of which the party is a member."  Id. (quoting Nitro Distributing, Inc. v. Dunn, 194 S.W.3d 339, 345 (Mo. 2006) (*en banc*).  "In cases where the contract lacks an express declaration of that intent, there is a strong presumption that the third party is not a beneficiary and that the parties contracted to benefit only themselves."  Id.  "Furthermore, a mere incidental benefit to the third party is insufficient to bind that party."  Id.

The Whispering Oaks plaintiffs claim standing pursuant to an assignment provision in the lease, which states: "This Lease and the Easement granted herein shall run with the land, and shall be binding upon and inure  to the benefit of the parties,

their respective successors, personal representatives and assigns." Lease, § 16. In paragraph 2 of the complaint, plaintiffs allege that the property is "currently owned by *Whispering Oaks*." Defendant does not contest that a purchaser of the property at 1450 Ridge Road, Wildwood, Missouri, may have standing to sue under the lease. The difficulty here is that there are multiple "Whispering Oaks" entities involved in this case and it is impossible to tell, either from plaintiffs' complaint or their briefs, the identity of the owner of the property.[3] Moreover, the Whispering Oaks plaintiffs have presented no documents supporting their claim that the Cricket lease agreement was assigned to either of them by WOHCC.[4] Thus, the burden of establishing standing—and, hence, jurisdiction—has not been met.

## B. Failure to State a Claim

### 1. Fraud (Count VI)

In Count VI, plaintiffs allege that defendant Cricket never intended to purchase liability insurance or provide a valid reason to terminate the lease. Plaintiffs further allege that Cricket induced Whispering Oaks to enter the contract by false promises and is liable for fraud.

To establish a claim of fraudulent misrepresentation under Missouri law, a claimant must show (1) a representation, (2) its falsity, (3) its materiality, (4) the speaker's knowledge of the representation's falsity or ignorance of its truth, (5) the speaker's intent that the representation be acted upon by the person and in the manner reasonably contemplated, (6) the hearer's ignorance of the falsity of the

---

[3] Complicating the matter further is plaintiff Chaganti's claim of ownership.

[4] The letter from defendant Cricket addressed to Whispering Oaks Residential Care Facility LLC with the salutation, "Dear Landlord," is insufficient to establish an ownership or other interest in the lease.

representation, (7) the hearer's reliance on the truth of the representation, (8) the hearer's right to rely thereon and (9) the hearer's consequent and proximate injury. Essex v. Getty Oil Co., 661 S.W.2d 544, 549 (Mo. Ct. App. 1983). Under Missouri law, plaintiffs must show either that defendant misrepresented a material fact or failed to disclose a material fact in light of a duty to do so. See White v. Bowman, 304 S.W.3d 141, 149 (Mo. Ct. App. 2009) ("Concealment of a material fact can serve as a substitute for the elements of a false representation if there exists a duty to disclose."); see also Harris v. Mid-W. Egg Donation, LLC, 365 S.W.3d 274, 276 (Mo. Ct. App. 2012) ("Silence or nondisclosure becomes misrepresentation only when there is a duty to speak.")

The gist of plaintiffs' fraud claim is that Cricket made misrepresentations to induce nonparty WOHCC to enter into the lease. In order to state a claim, therefore, plaintiffs must allege that the misrepresentations were material to the nonparty. Plaintiffs have failed to make the necessary allegations. In addition, this claim fails to satisfy Rule 9(b), which provides that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting the fraud or mistake."

> Rule 9(b)'s particularity requirement demands a higher degree of notice than that required for other claims, and is intended to enable the defendant to respond specifically and quickly to the potentially damaging allegations. To satisfy the particularity requirement of Rule 9(b), the complaint must plead such facts as the time, place, and content of defendant's false representations, as well as the details of the defendant's fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result. Put another way, the complaint must identify the "who, what, where, when and how" of the alleged fraud.

United States ex rel. Joshi v. St. Luke's Hosp., Inc., 441 F.3d 552, 556 (8th Cir. 2006) (internal citations omitted). It is not surprising that plaintiffs have not satisfied the pleading requirements for Rule 9, since they claim that the fraudulent conduct occurred

during negotiations to which they were not parties. Cricket's motion to dismiss Count VI will be granted.

### 2. *Res Ipsa Loquitur* (Count VII)

Plaintiffs premise their *res ipsa loquitur* claim in Count VII on allegations that defendants had exclusive control of the area where the heating coil was located, and the heating coil could not have been unplugged but for human negligence. Compl. ¶ 42.

*Res ipsa loquitur* is a term employed to describe a negligence case in which the negligence is proved by circumstantial evidence and which is sufficient to take the case to the jury. Bonnot v. City of Jefferson City, 791 S.W.2d 766, 768 (Mo. Ct. App. 1990) (citing Parlow v. Dan Hamm Drayage Co., 391 S.W.2d 315, 323 (Mo. 1965)). The doctrine of *res ipsa loquitur* is available to relieve a plaintiff from the burden of proving specific negligence in a case involving multiple defendants when: (a) the occurrence resulting in injury is such as does not ordinarily happen if those in charge use due care; (b) at the time the negligence is committed, defendants have actual joint control, or the right of joint control, of the instrumentalities involved; and (c) defendants possess superior knowledge or means of information as to the cause of the occurrence. Crystal Tire Co. v. Home Serv. Oil Co., 465 S.W.2d 531, 533 (Mo. 1971). Whether the doctrine applies in a particular case is a question that is within the exclusive province of the trial court. Guffey v. Integrated Health Servs. of Kansas City at Alpine N., 1 S.W.3d 509, 514 (Mo. Ct. App. 1999).

Cricket argues that *res ipsa loquitur* is not a separate cause of action and is duplicative of the negligence claim asserted in Count VIII. Nothing precludes plaintiffs from pleading both negligence and *res ipsa loquitur* claims in the alternative.

Fed.R.Civ.P. 8(d). Defendant also asserts, however, that plaintiffs cannot proceed under a theory of *res ipsa loquitur* because they have alleged a specific act of negligence -- someone unplugged the heating coil. "Recourse to the *res ipsa loquitur* theory is incompatible with proof of specific negligence." Bonnot, 791 S.W.2d at 769. The rule "aids the injured party who does not know and therefore cannot plead or adduce proof showing the specific cause of or how the event which resulted in his injury occurred, but if he knows how it came to happen, and just what caused it, and either specifically pleads or proves the cause, there is neither room nor necessity for the presumption or inference which the rule affords." Id.

It is apparent that plaintiffs hope to rely on *res ipsa loquitur* to avoid having to prove which defendant unplugged the heating coil. See Pltfs. Memo in Opp. at p.8 ("The doctrine of *res ipsa loquitur* applies to obviate the need to produce evidence of which employee of which defendant unplugged the heating tape . . .") [Doc. #18]. In order to proceed in this manner, however, plaintiffs will have to show that defendants had "actual joint control, or the right of joint control, of the instrumentalities involved." Crystal Tire, 465 S.W.2d at 533. While plaintiffs allege that the defendants had "exclusive control," there is no allegation that they had "joint control." Defendant's motion to dismiss Count VII will be granted.

### 3. Punitive Damages

Plaintiffs include a request for punitive damages in their prayer for relief. "A submissible case for punitive damages requires clear and convincing proof that the defendant intentionally acted either by a wanton, willful or outrageous act, or reckless disregard for an act's consequences (from which evil motive is inferred)." Smith v. Brown & Williamson Tobacco Corp., 410 S.W.3d 623, 630 (Mo. 2013) (*en banc*)

(quoting Howard v. City of Kansas City, 332 S.W.3d 772, 788 (Mo. 2011) (*en banc*)). Defendant argues that plaintiffs' request for punitive damages must be dismissed under Rule 12(b)(6) because the complaint contains no allegations that would support a finding that defendants intentionally committed a wanton, willful or outrageous act or with reckless disregard for the consequences of their actions. In opposition to the motion, plaintiffs argue only that Missouri law permits recovery of punitive damages for fraud and other torts and that litigation has not progressed far enough to permit dismissal. The Court has concluded that plaintiffs fail to state a claim for fraud and thus plaintiffs' argument is unavailing. Plaintiffs have failed to allege facts sufficient to support a claim for punitive damages.

IV. Conclusion

Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." For the reasons discussed above, the Court finds that plaintiffs have failed to establish who among them, if any, has standing to bring the breach of contract and negligence claims asserted in Counts IV and V. Therefore, dismissal of these claims for lack of subject-matter jurisdiction is mandatory. In addition, for the reasons set forth above, plaintiffs' claims for fraud in Count VI, *res ipsa loquitur* in Count VII, and their prayer for punitive damages will be dismissed for failure to state a claim for relief.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendant Cricket Communications, Inc. to dismiss all claims of plaintiff Naren Chaganti for lack of standing [Doc. #8] is **granted**.

**IT IS FURTHER ORDERED** that the motion of defendant Cricket to dismiss Counts for failure to state a claim for relief [Doc. #10] is **granted**.

**IT IS FURTHER ORDERED** that the motion of defendant Cricket to dismiss plaintiffs' prayer for punitive damages [Doc. #12] is **granted**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 22nd day of October, 2014.